UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JERALD C. JAMES,

                    Petitioner,                          Case Number: 09-10929

v.                                                       HONORABLE AVERN COHN

BLAINE C. LAFLER,

                    Respondent.
_____/


## MEMORANDUM AND ORDER
## ADOPTING REPORT AND RECOMMENDATION (Doc. No. 16)
## AND
## DENYING APPLICATION FOR WRIT OF HABEAS CORPUS
## AND
## DENYING A CERTIFICATE OF APPEALABILIY
## AND DISMISSING CASE

I.

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Jerald James

(Petitioner), a state prisoner convicted of first and second degree murder, felon in

possession of a firearm, and felony firearm for which he is serving a life sentence and a

substantial term of years.  The matter has been referred to a magistrate judge for a

report and recommendation (MJRR).

On August 3, 2010, the magistrate judge issued a MJRR recommending that the

petition be denied for lack of merit.  Before the Court are Petitioner's objections to the

MJRR.[1]  For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and the petition will be denied.  A certificate of appealability will also be denied.

## II.

Petitioner was convicted of the above offenses following a jury trial.  The MJRR sets forth the background facts, taken from the Michigan Court of Appeals' opinion, leading to Petitioner's convictions which will not be repeated here.  *See* MJRR at p. 5-9. Briefly, Petitioner was convicted of the murders of Angela Jackson and Cheryl Parks, both of whom Petitioner shot and killed on or about December 27, 2005.

As to the procedural history, Petitioner's convictions were affirmed on direct appeal.  *People v. James,* No. 271086 (Mich. Ct. App. Nov. 6, 2007); *lv. den.* 480 Mich. 1137 (2008).

Petitioner then filed the present petition, raising the same claims presented on direct appeal, including (1) ineffective assistance of counsel, (2) insufficient evidence of premeditation, (3) prosecutorial misconduct, (4) involuntary confession/request for an evidentiary hearing.

As noted above, the magistrate judge issued a MJRR recommending that the petition be denied.  Petitioner objects.

---

[1]Also before the Court is Petitioner's "Motion to Reinstate Docket # 4 and # 10 Under Rules Governing Section 2254," in which he renews his request for an evidentiary hearing pertaining to his claim that his confession was involuntary.  In light of the Court's decision adopting the MJRR, which addressed Petitioner's request for an evidentiary hearing. this motion is DENIED AS MOOT.

## III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## IV.

Petitioner makes several objections to the MJRR.  He first says that his prosecutorial misconduct claim is not procedurally defaulted, as Respondent argued.  The magistrate judge, however, did not apply a procedural default analysis but rather considered the claim and rejected it on the merits.  Thus, this objection is not well-taken.

Petitioner's remaining objections essentially present the same arguments considered and rejected by the magistrate judge.  The magistrate judge addressed all of Petitioner's claims on the merits and fully explained why Petitioner is not entitled to relief on any of them.  This includes Petitioner's request for an evidentiary hearing. Nothing in Petitioner's objections convince the Court that the magistrate judge's analysis is incorrect.  In short, the Court agrees with the magistrate judge that habeas relief is not warranted.

3

V.

The magistrate judge also recommends that a certificate of appealability be denied.[2]  The Court agrees.  Reasonable jurists would not debate whether Petitioner is entitled to relief on his claims.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  As such, Petitioner is not entitled to a certificate of appealability.

VI.

Accordingly, for the reasons stated above, Petitioner's objections are OVERRULED.  The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above.  Petitioner's application for writ of habeas corpus is DENIED.  A certificate of appealability is DENIED.

This case is DISMISSED.

SO ORDERED.


Dated:  September 16, 2010          S/Avern Cohn                                    
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Jerald James #185721, Carson City Correctional Facility, PO Box 5000, Carson City, MI 48811 and attorneys of record on this date, September 16, 2010, by electronic and/or ordinary mail.


                                   S/Shawntel Jackson                        
                                   Relief Case Manager, (313) 234-5160

---

[2]Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.